WILLIAMS, Circuit Judge,
with whom POSNER, Circuit Judge, joins, dissenting.
This case should have been heard en banc. The sentencing issue presented in this case is one of great importance deserving the consideration of the entire court. Firearm and drug offenses are charged quite frequently together, so the panel’s decision will affect the sentencing of many defendants. And that effect will mean a higher offense level which will often lead to a longer sentence. On the merits, I agree with the Eighth Circuit’s decision in United States v. Bell, 477 F.3d 607 (8th Cir.2007), the previous interpretation of the grouping rules in this Circuit, and the current interpretation within other Circuits that have addressed the issue. That is, firearm and drug offenses are grouped, even when a § 924(c) count is *1160 also charged. Here, because counts 1 and 3 were not grouped, Sinclair’s guidelines range increased from 46-57 months to 51-63 months.
The Guidelines instruct that counts must be grouped where “one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guidelines applicable to another of the counts.” U.S.S.G. § 3D1.2(c). Section 3D1.2(c) does not require that the conduct embodied in one count actually be used to enhance the other count. It just requires that the count embody conduct that is treated as a specific offense characteristic of the other, which it does in this case. Count 3 embodies conduct that is treated as a specific offense characteristic of count 1, see § 2Dl.l(b)(l), and count 1 embodies conduct that is treated as a specific offense characteristic of count 3, see § 2K2.1(b)(6)(B). So, these counts should be grouped based on the plain language of the Guidelines.
While it is true that comment 4 to § 2K2.4 instructs the court not to apply these reciprocal offense-characteristic enhancements, § 2K2.4 says nothing about whether the counts should be grouped or not. Section 3D1.2 is the relevant provision addressing grouping and there is nothing in comment 4 to § 2K2.4 that makes § 3D1.2 inapplicable.
In addition to the plain language, the rationale behind grouping would particularly warrant its use in this situation. The Guidelines provide for grouping certain offenses to “ ‘prevent multiple punishment for substantially identical offense conduct.’ ” Bell, 477 F.3d at 614 (quoting U.S.S.G. Ch. 3, pt. D, introductory cmt.). Convictions on multiple counts should not result in a sentence enhancement unless they represent additional conduct that is not otherwise accounted for by the guidelines. Id.; U.S.S.G. Ch. 3, pt. D, introductory cmt. Sinclair and Bell are convicted of three “ ‘closely intertwined’ ” but separate offenses arising from the same conduct. Bell, 477 F.3d at 616 (quoting U.S.S.G. Ch. 3, pt. D, introductory cmt.). “While the three offenses have distinct elements, they do not ‘represent additional conduct that is not otherwise accounted for by the guidelines.’ ” Id. (quoting U.S.S.G. Ch. 3, pt. D, introductory cmt.). If anything, the policy behind grouping applies with even more force to defendants like Sinclair and Bell, who are already being sentenced to a mandatory 60 months for the § 924(c) count.
Furthermore, disallowing grouping increases the significance of the formal charging decision, which is precisely one of the issues grouping was intended to address. See U.S.S.G. Ch. 3, pt. D., introductory cmt. If a defendant is being charged with drug trafficking and felon-in-possession offenses, then almost always the government can add a § 924(c) count for possessing a firearm in furtherance of a drug offense. Under the panel’s decision, the defendant now faces a higher sentence for substantially the same conduct, not just once (for the § 924(c) count), but twice (with no grouping).
As the Bell court recognized, grouping of firearm and drug offenses happens with such regularity that it is often done without note. Bell, 477 F.3d at 615. Indeed, Sinclair’s PSR recommended grouping. In United States v. Gibbs, 395 FedAppx. 248 (6th Cir.2010) (unpublished) and United States v. King, 201 Fed.Appx. 715 (11th Cir.2006) (unpublished), the Sixth and Eleventh Circuits acknowledged that drug trafficking and felon-in-possession offenses should be grouped even when a § 924(c) count is charged. Neither the government nor the panel’s opinion points to any cases where a court disallowed grouping of these types of counts because a § 924(c) count *1161 was also charged. I see no reason for this change in sentencing practice.
In light of the now-circuit split on this issue, the United States Sentencing Commission should clarify its position on the role of comment 4 to § 2K2.4 in situations like this.
For these reasons, I dissent from the decision not to hear the case en banc.